**Edwin RODRIGUEZ**

v.

**The CITY OF NEW HAVEN, et al.**

**Stephen Coppola**

v.

**Melvin Wearing, et al.**

**Nos. 3:01CV592SRU, 3:01CV813SRU.**

United States District Court, D. Connecticut.

March 31, 2003.

---

Rosemarie Paine, Jacobs, Grudberg, Belt & Dow, New Haven, CT, Paul A. Morello, Jr., Donovan & Morello, Cromwell, CT, Robert G. Skelton, Law Office of Robert G. Skelton, Fairfield, CT, Warren Miller, R. Edward Phillips, Jr., New London, CT, Patricia Confrancesco, East Haven, CT, for plaintiffs.

Thomas W. Ude, Jr., Martin S. Echter, Office of Corporation Counsel, City of New Haven, New Haven, CT, Stephen P. Del Sole, Rene Gerard Martineau, Del Sole & Del Sole, Wallingford, CT, for defendants.

### RULING ON COPPOLA'S MOTION TO DISQUALIFY COUNSEL

UNDERHILL, District Judge.

In this action, plaintiff Stephen Coppola ("Coppola"), a detective with the City of New Haven Police Department (the "Police Department"), alleges that the defendants conducted a wrongful internal affairs investigation into his involvement in a murder investigation, and improperly disciplined him based upon the findings of the internal affairs investigation. Pursuant to Local Rule 3(a)(2) and Rules 1.9 of the Rules of Professional Conduct, Coppola has moved to disqualify attorney Martin S. Echter, who is currently counsel for defendants Melvin Wearing; John Destefano, Jr.; James Horan; Thayer Baldwin; and the City of New Haven. Echter works for the City of New Haven Office of the Corporation Counsel. Pursuant to Local Rule 3(a)(2) and Rule 1.10 of the Rules of Professional Conduct, Coppola has also moved to disqualify the remainder of the Office of the Corporation Counsel. In addition to serving as co-counsel for defendants Wearing, Destefano, Horan, Baldwin, and the City of New Haven, attorney Thomas W. Ude, Jr. of the Office of the Corporation Counsel also represents defendants Brian Kearney, John Minardi, and Keith Wortz. For the following reasons, the motion to disqualify is denied.

## STANDARD

Coppola moves for disqualification under former Local Rule 3(a)(2) and Rules 1.9 and 1.10 of the Rules of Professional Conduct.[1] Rule 1.9 governs disqualification of counsel for a conflict of interest relating to representation of a client whose interests may be adverse to those of a prior client. Specifically, Rule 1.9 states, in pertinent part, that "[a] lawyer who has formerly represented a client in a matter shall not thereafter ... [r]epresent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation ...."

Rule 1.10 imputes a disqualification under Rule 1.9 to other attorneys within the same law firm, stating that "[w]hile lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rules 1.7, 1.8(c), 1.9 or 2.2." Comments to Rule 1.10 explain that "the term 'firm' includes lawyers in a private firm, and lawyers employed in the legal department of a corporation or other organization, or in a legal services organization."

■ Disqualification of counsel serves the twin purposes of "enforc[ing] the lawyer's duty of absolute fidelity and ... guard[ing] against the danger of inadvertent use of confidential information." *Silver Chrysler Plymouth, Inc. v. Chrysler Motors Corporation*, 518 F.2d 751, 754 (2d Cir.1975), *overruled on other grounds by Armstrong v. McAlpin*, 625 F.2d 433 (2d Cir.1980) (en banc), *vacated and remanded*, 449 U.S. 1106, 101 S.Ct. 911, 66 L.Ed.2d 835 (1981). The Second Circuit, however, disfavors motions to disqualify because of the potentially adverse effect on a client's right to engage counsel of his or her choosing, and because such motions are often made for tactical reasons.

*See Government of India v. Cook Indus., Inc.*, 569 F.2d 737, 739 (2d Cir.1978); *Board of Educ. v. Nyquist*, 590 F.2d 1241, 1246 (2d Cir.1979). "There is a particularly trenchant reason for requiring a high standard of proof on the part of one who seeks to disqualify his former counsel, for in disqualification matters we must be solicitous of a client's right freely to choose his counsel, a right which must be balanced against a need to maintain the highest standards of the profession." *Evans v. Artek Systems Corp.*, 715 F.2d 788, 791 (2d Cir.1983) (internal quotation marks and citation omitted).

■ Recognizing that a motion to disqualify an attorney can infringe upon a party's right to select his or her counsel, the Second Circuit has stated that courts should grant such motions with caution. The Rule's substantial relationship test has been "construed to allow disqualification only upon a showing that the relationship between the issues in the prior and present cases is 'patently clear' or when the issues are 'identical' or 'essentially the same.'" *Inter*Act Systems, Inc. v. Catalina Marketing Corp.*, Nos. 3:96cv274 (AWT) and 3:98cv422 (AWT), 1999 WL 545533 (D.Conn. March 29, 1999) (quoting *Bergeron v. Mackler*, 225 Conn. 391, 399, 623 A.2d 489 (1993); *Colorpix Systems v. Broan Mfg. Co.*, 131 F.Supp.2d 331, 338 (2d Cir. 2001); *see also Government of India*, 569 F.2d at 740). However, where the cases are substantially related, the court will assume that the former client disclosed confidences to the attorney bearing on the subject matter of the representation, and the court should not require proof that the attorney actually received privileged information. *Government of India*, 569 F.2d at 740. "[T]he moving [party] bear[s] the heavy burden of proving facts required for disqualification." *Evans*, 715 F.2d at 794.

---

1. Former Local Rule of Civil Procedure 3(a)(2) provides, in pertinent part, that, other than certain enumerated rules, the Judges of this District "recognize the authority of the 'Rules of Professional Conduct,' as approved by the Judges of the Connecticut Superior Court as in effect on October 1, 1986, as expressing the standards of professional conduct expected of lawyers practicing in the District of Connecticut .... The interpre-

tation of said Rules of Professional Responsibility by any authority other than the United States Supreme Court, the United States Court of Appeals for the Second Circuit and the United States District Court for the District of Connecticut shall not be binding on disciplinary proceedings initiated in the United States District Court for the District of Connecticut."

## DISCUSSION

 There is no dispute that Echter previously represented Coppola. The defendants also do not dispute that their interests in this matter are materially adverse to those of Coppola. Of course, as evidenced by their filing of the instant motion, Coppola does not consent to Echter's current representation of the defendants. Thus, with respect to the disqualification of Echter, the sole salient issue is whether the matters at issue in this case are "substantially related" to the issues concerning which Echter previously represented Coppola.

The plaintiff has failed to establish that the cases are substantially related. Echter previously represented Coppola in the case *Smith v. Benedetto*, 3:92 CV 414(GLG). Dennis Smith filed suit against Coppola and six other New Haven police officers, alleging in part that Coppola and other officers filed false reports about him. The defendants allegedly made such false reports about Smith on or about October 31, 1990 and December 19, 1990. Echter represented the defendants at trial. In the present case, Coppola alleges that the defendants wrongfully disciplined him, retaliated against him, and defamed him in January 2001 after he reported to the State's Attorney that a supervisor ordered him to stop a homicide investigation. It is clear that the underlying facts of the previous case are wholly unrelated to the facts giving rise to the present case. Coppola has also failed to demonstrate that Echter, during his previous representation of Coppola, had access to confidential information directly relevant to this action. Any confidential information Coppola conveyed to Echter in defense of the claims that he filed false police reports in 1990 would have no bearing on, and would not be relevant to, the alleged disciplinary and retaliatory acts of the defendants in 2001.[2] Certainly, the rela-

tionship of the issues in these cases is not "patently clear."

Because Echter's continued representation of the defendants is not prohibited by Rule 1.9, there is no disqualification to be imputed to Echter's office. Accordingly, the Office of the Corporate Counsel is not disqualified under Rule 1.10.

## CONCLUSION

For the foregoing reasons, Coppola's motion to disqualify (Dkt. No. 69) is DENIED.

It is so ordered.

---

2. During a status conference in this case, counsel for Coppola asserted that Coppola and Echter drove to court together and discussed the earlier case. Coppola claims that Echter learned confidential information about Coppola that could be used to cross-examine Coppola in this case. Echter denies any present knowledge of such confidential information. More significantly, Coppola has declined the court's invitation to provide ex parte disclosure supporting the claim that confidential information about Coppola was conveyed to Echter. Based on this record, the court concludes that no confidential information that is directly relevant to the instant action was provided to Echter by Coppola.